

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SEAN SCALES,<br><br>    Petitioner,<br><br>v.<br><br>CULLEN, Warden,<br><br>    Respondent. | Case No. EDCV 11-1274-SJO (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

I.  **Facts and Procedural History**[1]

Petitioner is a state prisoner currently incarcerated at the San Quentin State Prison in San Quentin, California. He filed this petition for writ of habeas corpus on August 10, 2011. Because this is Petitioner's second petition challenging the identical underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

On January 4, 2000, following a jury trial in the San Bernardino County Superior Court, Petitioner was convicted of robbery, in

---

[1] The facts and procedural history are taken from the petition and from the order dismissing the petition for writ of habeas corpus in *Scales v. Kramer*, Case No. EDCV 08-1596-SJO (MLG).

violation of Cal. Penal Code § 211. The jury acquitted Petitioner of the lesser included offense of petty theft with a prior conviction. The trial court found true the allegation that Petitioner had two prior "strike" convictions for robbery under Cal. Penal Code §§ 667(b)-(i), 1170.12. On August 25, 2000, Petitioner was sentenced to a prison term of 25 years to life.

On September 5, 2001, the California Court of Appeal affirmed the judgment in an unpublished decision. *People v. Scales*, Case No. E027938. On November 14, 2001, the California Supreme Court denied a petition for review. *People v. Scales*, Case No. S101349.

On November 7, 2003, Petitioner filed a petition for writ of habeas corpus in this Court challenging the judgment of conviction. *Scales v. Adams*, Case No. EDCV 03-1292-SJO (MLG). On May 31, 2006, an order and judgment was entered denying the petition with prejudice. This Court denied a certificate of appealability July 6, 2006. On December 21, 2006, the United States Court of Appeals for the Ninth Circuit also denied a certificate of appealability.

On November 7, 2008, Petitioner filed a second petition for writ of habeas corpus challenging the 2000 judgment and sentence. *Scales v. Kramer*, Case No. CV 08-1596-SJO (MLG). The petition contained ten claims for relief which appeared to challenge the sentence imposed by the trial court, based upon the decision of the United States Supreme Court in *Cunningham v. California*, 127 S. Ct. 856 (2007). On November 20, 2008, this Court dismissed the petition without prejudice, finding that it was a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). On February 25, 2009, the United States Court of Appeals for the Ninth Circuit denied Petitioner's application for authorization to file a successive

2

1 petition. *Scales v. Kramer*, Case No. 08-75184.

2 The current petition again challenges the constitutionality of
3 the sentence Petitioner received in 2000. While the argument
4 presented is difficult to understand, it appears that Petitioner is
5 essentially challenging the imposition of the three strikes sentence.
6 For the reasons set forth below, the petition is ordered dismissed
7 without prejudice to Petitioner's right to apply to the Ninth Circuit
8 Court of Appeals for leave to file a successive petition.

10 II. Discussion
11     II. Discussion.
12 Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in
13 the United States District Court, a district court may summarily
14 dismiss a habeas corpus petition, before the respondent files an
15 answer, "[i]f it plainly appears from the face of the petition ...
16 that the petitioner is not entitled to relief." The notes to Rule 4
17 state: "a dismissal may be called for on procedural grounds, which
18 may avoid burdening the respondent with the necessity of filing an
19 answer on the substantive merits of the petition." *See Boyd v.*
20 *Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond
21 question that this Court lacks jurisdiction to review this petition
22 without authorization from the court of appeals. Accordingly, summary
23 dismissal of this petition is warranted.

24 This petition is governed by the provisions of the Antiterrorism
25 and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat.
26 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA
27 amended 28 U.S.C. § 2244 to require that "[b]efore a second or
28 successive application [for writ of habeas corpus] permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 157.

This petition raises a new claim for relief. A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have reached the same factual conclusion. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements. A petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.").

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition without prejudice is required.

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

Dated: _August 26_, 2011

*/s/ S. James Otero*
S. James Otero
United States District Judge

Presented by:

*/s/ Marc L. Goldman*
Marc L. Goldman
United States Magistrate Judge